**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **MID-WEST ANESTHESIA CONSULTANTS, INC.,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No. 09-2219-JAR** |
| **LIFEPOINT HOSPITALS, INC., et al.,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss for Failure to Prosecute (Doc. 22) pursuant to Fed. R. Civ. P. 41(b). Plaintiff has filed a response indicating that it is willing to voluntarily dismiss the lawsuit pursuant to Fed. R. Civ. P. 41(a), but requests the dismissal be without prejudice (Doc. 30). For the reasons that follow, this Court grants Defendants' motion, and dismisses Plaintiff's case with prejudice.

***Factual and Procedural Background***

On April 27, 2009, Plaintiff Mid-West Anesthesia Consultants, L.L.C. filed this lawsuit asserting breach of contract, breach of fiduciary duty and promissory estoppel claims against Defendant Dodge City Healthcare Group, LP, d/b/a Western Plains Medical Complex, and breach of fiduciary duty and promissory estoppel claims against Defendant LifePoint Hospitals, Inc. On December 18, 2009, this Court granted Defendants' Motion to Compel Arbitration and Stay Proceedings.[1] Consequently, the Court ordered the parties "to proceed to arbitration of all

[1] Doc. 21.

of [p]laintiff's claims," and stayed "the judicial proceedings in this case pending completion of the arbitration process."[2]

Nearly two years later, on November 9, 2011, the Court informally requested counsel for the parties to update the Court on the status of arbitration. Counsel for Defendants advised the Court that there had been no arbitration claim filed and subsequently filed this motion to dismiss Plaintiff's claims with prejudice for failure to comply with the Court's December 18, 2009 order, and for failure to prosecute its claims in arbitration. Plaintiff acknowledges in its response that it has not filed any arbitration proceeding but explains it has incurred substantial economic hardship that has essentially precluded it from pursuing arbitration of the claims involved. Because of this economic hardship, Plaintiff argues that it should not be penalized with dismissal of the lawsuit with prejudice, when dismissal without prejudice will accomplish the same objective. Plaintiff does not indicate in its response when or even whether it plans to make a demand for arbitration, nor does it seek additional time to do so. Defendants reply that Plaintiff's purported economic hardship is insufficient to override considerations of justice and expediency and continue to seek dismissal with prejudice.

***Discussion***

Both under Rule 41(b) of the Federal Rules of Civil Procedure and the inherent power of the court, a case may be dismissed with prejudice for want of prosecution.[3] Rule 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise,

---

[2]*Id*.

[3]*Davis v. Operation Amigo, Inc.*, 378 F.2d 101, 103 (10th Cir. 1967) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

> a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--- **operates as an adjudication on the merits.**[4]

Since dismissal of an action for failure to prosecute is a drastic sanction, a court may dismiss a case for failure to prosecute after considering the following criteria:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[5]

As Plaintiff concedes that dismissal is appropriate, there is little question that the first five factors weigh in Defendants' favor: Defendants have suffered prejudice due to the passage of time; Plaintiff's failure to pursue arbitration for nearly two years after the Court's Order has interfered with judicial process; Plaintiff is solely culpable for this conduct; like any litigant, Plaintiff is on notice that failure to prosecute, like failure to comply with court orders, can result in involuntary dismissal as a sanction, and was afforded the opportunity to respond to Defendants' motion; and, the Court is not convinced that lesser sanctions would be effective, as it cannot force a plaintiff to proceed with a case.[6] Specifically, the clear record of delay with no real excuse in this case convinces this Court that directing Plaintiff to take action would be fruitless and would cause Defendants further prejudice from lack of closure to this case. Moreover, Plaintiff's claim of economic hardship as is reason for failing to pursue arbitration is

---

[4]Fed. R. Civ. P. 41(b) (emphasis added).

[5]*Kothe v. AIMCO*, No. 06-2097-CM, 2009 WL 1788412, *2 (D. Kan. June 23, 2009) (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

[6]*Id*. at *2-3 (citing Fed. R. Civ. P. 41(b); *Slack v. McDaniel*, 529 U.S. 472 (2000)).

circular and is belied by its retaining counsel and filing this lawsuit in federal court in hopes of avoiding that arbitration.[7] The Court agrees with Defendants that, as a practical matter, pleading economic hardship would allow any plaintiff to disregard an order to arbitrate with impunity. In light of the above, the Court finds that dismissal of this case with prejudice is appropriate.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss for Failure to Prosecute (Doc. 22) is GRANTED. Plaintiff's case is dismissed with prejudice for failure to prosecute and for failure to comply with this Court's order.

**IT IS SO ORDERED.**

Dated: March 8, 2012

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[7] *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (holding district court did not clearly abuse its discretion in dismissing the plaintiff's case with prejudice where plaintiff, who claimed the high costs of arbitration prohibited her from pursuing a remedy, failed for more than a year to carry out the court's directive to arbitrate, or otherwise take action to prosecute the claims).